**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| **HOWARD SNOW, et al.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | Case No. 1:18-cv-00198-AJT-JFA |
| ) | |
| **SELENE FINANCE LP, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26 and this Court's Order of April 20, 2018, Defendants Selene Finance LP and MTGLQ Investors LP, (collectively "Defendants")(together with Plaintiff, the "Parties") state as follows as their Discovery Plan:

1. **RULE 26(f) CONFERENCE**:  Pursuant to rule 26(f) of the Federal Rules of Civil Procedure, Defendants attempted to confer with Plaintiff Howard Snow to discuss issues raised in Rule 26(f) and formulate a joint discovery plan. Plaintiff did not respond.

2. **RULE 16(B) PRETRIAL CONFERENCE**:  Should the Court find this Discovery Plan sufficient and acceptable, the Defendants waive their appearance at the Rule 16(b) conference and propose that the conference be cancelled.

3. **DISCOVERY DEADLINE**:  The Parties shall complete discovery by **September 14, 2018**, as required by this Court's Order of April 20, 2018, except for expert discovery as stated in Paragraph 5.  Discovery does not need to be conducted in phases.  All written discovery shall be served sufficiently in advance of the September 14, 2018 deadline, so that responses are due on or before that date, and any notice of deposition shall be served sufficiently in advance of that date so that discovery can be concluded by that date.

4. **INITIAL DISCLOSURES**: The Parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Defendants propose the exchange occur no later than May 30, 2018.

5. **EXPERT DISCLOSURES**: Pursuant to Local Civ. R. 26(D)(2), Defendants propose that expert discovery shall be conducted according to the following schedule:

| | |
|---|---|
| **Plaintiffs' Disclosures** | **July 16, 2018** |
| **Defendants' Disclosures** | **August 14, 2018** |
| **Rebuttal Disclosures** | **August 29, 2018** |

6. **JOINDER OF PARTIES:** At this time, Defendants do not anticipate the joinder of additional parties. However, should subsequent circumstances warrant it, Defendants agree to join parties as soon after they learn of such circumstances or grounds.

7. **AMENDMENT OF PLEADINGS**: At this time, Defendants do not anticipate amendment of pleadings but reserve the right to move the Court for leave to amend should subsequent circumstances warrant it.

8. **PRESERVATION OF DISCOVERABLE INFORMATION**: The Parties understand the importance of preserving discoverable information. The Parties believe they have taken reasonable steps to preserve all such information.

9. **ELECTRONICALLY STORED INFORMATION**: Electronically stored information may be produced in printed (hard copy) form. The Defendants propose that the producing party may maintain the electronically stored information in the format in which it exists at the time the request for discovery was made. Thereafter, any party may, at that party's expense, request the production of electronically stored information in its native format.

10. **CLAIMS OF PRIVILEGE & PROTECTION OF TRIAL MATERIAL:** The Parties shall follow Local Rules and Rule 26 of the Federal Rules of Civil Procedure. No party will be required to put on the privilege log documents that chronicle communications between the Parties and their respective counsel made in relation to or in anticipation of this litigation if such documents were generated on or after **February 22, 2018**, unless they are independently relevant to the action (as determined by the party required to make production of the documents).

11. **PROTECTIVE ORDER:** In the event a protective order is deemed necessary, Defendants propose that the Parties shall work together to agree on a form and shall comply with the requirements of Virginia Dep't of State Police v. The Washington Post, 386 F.3d 567 (4th Cir. 2004), and Ashcraft v. Conoco, 218 F.3d 282 (4th Cir. 2000).

12. **NON-WAIVER OF ATTORNEY-CLIENT PRIVILEGE AND WORK PRODUCT PROTECTION**: Defendants agree, pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, that the disclosure during discovery of any communication or information (hereinafter "Document") that is protected by the attorney-client privilege ("Privilege" or "Privileged," as the case may be) or work-product protection ("Protection" or "Protected," as the case may be), as defined by Rule 502(g), shall not waive the Privilege or Protection in the above-captioned case, or any other federal or state proceeding, for either that Document or the subject matter of that Document, unless there is an intentional waiver of the Privilege or Protection to support an affirmative use of the Document in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Rule 502(a)(2) and (3). The Parties intend that this stipulated order shall displace the provisions of Rule 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the Document in support of a party's claim or defense shall be regarded as "inadvertent," and the producing party is hereby deemed to have

3

taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise. Except when the requesting party contests the validity of the underlying claim of Privilege or Protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the Document(s) in question), any Document(s) the producing party claims as Privileged or Protected shall, upon written request, promptly be returned to the producing party and/or destroyed, at the producing party's option. If the underlying claim of Privilege or Protection is contested, the Parties shall comply with, and the requesting party may promptly seek a judicial determination of the matter pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. In assessing the validity of any claim of Privilege or Protection, the Court shall not consider the provisions of Rule 502(b)(1) and (2) of the Federal Rules of Evidence, but shall consider whether timely and otherwise reasonable steps were taken by the producing party to request the return or destruction of the Document once the producing party had actual knowledge of (i) the circumstances giving rise to the claim of Privilege or Protection and (ii) the production of the Document in question. "Destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means. "Actual knowledge" refers to the actual knowledge of an attorney of record or other attorney with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

13. **MAGISTRATE JUDGE**: Defendants do not consent to a trial before a United States Magistrate Judge.

14. **SETTLEMENT**: Defendants are aware of the mediation resources provided by the presiding United States Magistrate Judge and will contact chambers should the opportunity or need for mediation arise.

15. **DISCOVERY LIMITATIONS**: Defendants do not propose any additional discovery limitations not already provided by the Federal Rules of Civil Procedure, the Local Civil Rules, and this Court's April 20, 2018 Order.

Dated: May 9, 2018

Respectfully submitted,

**SELENE FINANCE LP**

**MTGLQ INVESTORS LP**

By: __/s/ Sara Tussey___

Sara Tussey, VSB # 79826
Rosenberg & Associates, LLC
4340 East West Highway Suite 600
Bethesda, MD 20814
(301) 907-8000/ fax (301)-907-8101
Sara.Tussey@rosenberg-assoc.com
*Counsel for Selene Finance LP and MTGLQ Investors LP*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed electronically via CM/ECF this 9th day of May, 2018, and the following were served by U.S. mail, postage prepaid:

Howard Snow
10 Jonquil Place
Stafford, VA 22554

Sykes, Bourdon, Ahern & Levy, P.C.
281 Independence Blvd Fifth Floor
Virginia Beach, VA 23462

        By:    /s/ Sara Tussey
               Sara Tussey, VSB # 79826
               Rosenberg & Associates, LLC
               4340 East West Highway Suite 600
               Bethesda, MD 20814
               (301) 907-8000/ fax (301)-907-8101
               Sara.Tussey@rosenberg-assoc.com
               *Counsel for Selene Finance LP and*
               *MTGLQ Investors LP*